(Court of Appeal, Parish of Orleans.)

# THE NEW ORLEANS & CARROLLTON RAILWAY, LIGHT & POWER CO., vs. THE MARYLAND CASUALTY CO.

1. The widow of a workman killed in the service of the Plaintiff Company, which had insured (in the Defendant Company) for $1500 against any accident, fatal or otherwise, happening to one of its employees, compromised with the insurer whatever claim she had as widow and natural tutrix of her minor children for $700.

2. As the duly qualified Tutrix of said children she subsequently brought suit in damages against the Insured (108 La.) recovering judgment in the full sum of $1300, which, when paid, exceeded the face value of the policy in interest and costs to the extent of $16.10 and for which total amount, $1516.10, plaintiff sues to recover back said amount.

HELD: The payment to the widow, then competent to bind herself, but not her minor children, cannot be set up by the Insured as an offset *pro tanto* to the claim by the Insured for reimbursement of a loss brought on by the Insured who had had the opportunity of extinguishing the minor's claim by a second compromise, of which it was advised by the Insured and which being rejected gave rise to the minor's suit.

Appeal from Civil District Court, Division "E."

Dart & Kernan, for Plaintiff and Appellant.

P. M. Milner, for Defendant and Appellee.

BEAUREGARD, J. Under what may be termed an accident life insurance policy guaranteeing the plaintiff herein against any casualty fatal or otherwise happening to one of its employees

in the discharge of his duties, and limited to each employee to not over $1500, but to any number of employees in one accident to not over $10,000, it appears that on August 23rd, 1903, one of plaintiff's workmen was, whilst in its service, so injured as to die from his injuries, leaving a widow and minor children.

That on notice of this fact from and by the plaintiff in this case and in accordance with the terms (as to notice) of said policy, the insurer subsequently informed its insured that for the price or sum of $700 it had settled whatever claim, as natural tutrix of her minor children and widow of the decedent workman she as widow and natural tutrix could have had against the defendant company herein.

Aware, however, (and this is inferred from the record) of the unconclusive character of this settlement with one, not then legally qualified to extinguish whatever right to a proposition of the damage the minor children could set up, the insured, thereafter and advisedly, informed its insured that whatever subsisting claim said minors could have could be compromised on payment of $800. This information remained without effect and the minors' suit, through their mother and tutrix, was brought against the railroad company, for $10,000. Damages predicated on the loss of their father.

The judgment in their favor for $1300 was, on appeal, affirmed by the Supreme Court. And its settlement amounted with interest and costs to $1516.16, paid on the ....... day of ..........  19.... by the plaintiff herein, who now sues to recover back this amount from its insurer, the Maryland Casualty Co.

At the trial of this case, in which the insurer, under the terms of its policy, claimed the right it had exercised to join in the defense of, "or to settle at its own cost," the suit brought against the insured by the widow and tutrix, it was alleged and attempted to be shown that the insurer's liability had been discharged

5

*pro tanto* by its payment under the compromise, referred to, of $700, and that, including the total of its costs in the tutrix's suit mentioned above and which amounted to $189. Deducting these amounts from the $1500, plaintiff was entitled only to the difference, or $610.25, which had by it been tendered to the insured, but which tender had been refused. The judgment of the Court *a qua* gave effect to this tender, condemning the plaintiff to accept the same with legal interest from the time it was made up to the time it was refused with all the costs of Court. From this judgment plaintiff company has appealed.

Pretermitting the ruling of the Court *a qua* which were provoked during the trial of the case, a study of the pleadings and of the record shows that these are amply sufficient to warrant here a conclusion without any direct ruling on those of the Court *a qua*.

Reference to Defendant's answer herein shows that it virtually admits payment under its $700 compromise, to one competent to receive for and to discharge any indebtedness due to herself; but, at that time, legally incompetent so to do with regard to those she nominally represented. Hence her suit (when properly qualified) on behalf of her minor children's claim: 108 La. 126 referred to above.

It cannot be otherwise considered than that, at the time, the alleged insurer certainly had a compromise, and this was a substantial allegation of the petition imported to the insured by the railroad company (the insured) been accepted and acted on by the former that the suit for damages on behalf of the minors never would have been brought; never would have required the defendant's intervention therein as a defendant and never would have brought on the loss which was saddled on the plaintiff herein, and which is directly traceable to the insurer and against which it had in its policy provided.

6

The second suit would have become impossible had the insurer taken ordinary care to ascertain that payment was being made to a party entitled in law to receive it. Failure to do so was gross negligence, for which defendant must answer.

It is therefore clear that this loss, and its accessories, the interest and cost, should be repaired, and repaired by the one who, at the incipiency of the accident, had been informed that the chances of wining in a law suit were outbalanced by the probability of losing it, from the facts known and ascertained by the insured.

The judgment appealed from should be reversed; and it is now so ordered.

And proceeding to render such judgment as should have been rendered, it is now ordered and decreed that plaintiff, the New Orleans & Carrollton Railroad, Light & Power Co., have judgment against the Maryland Casualty Co. in the full sum of Fifteen Hundred and sixteen 15/100 ($1516.15) dollars, with legal interest from June 12, 1902, till paid, and costs in both Courts.

April 18, 1904.

Judgment affirmed by Supreme Court, Jan. 16, 1905.